UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE DAVID BOLANOS MADRID,

Petitioner,

v.

JEREMY CASEY, Warden of Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  25cv3171-LL-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**[ECF No. 1]**

Pending before the Court is Petitioner Jose David Bolanos Madrid's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** an individualized bond hearing for Petitioner.

I.    BACKGROUND

Petitioner is a citizen of Honduras who came to America in 2018 when he was fourteen years old. ECF No. 1 ("Pet.") at 2–5, 15–16. DHS detained him and commenced removal proceedings. *Id*. Because he had no criminal history and a sponsor to ensure that he attended all future hearings related to his removal, his mother, he was released from detention in 2019. *Id*.

1

On September 22, 2025, Petitioner was arrested during a routine traffic stop and turned over to DHS. *Id*. He hasn't committed crimes triggering mandatory detention under 8 U.S.C. § 1226(c); indeed, he has no criminal history at all. *Id*. Still, an immigration judge denied his request to be released on bond, reasoning that he lacked jurisdiction to consider it due to DHS charging Petitioner as an alien under § 1225(b)(2) as opposed to § 1226(a). *Id*. The former mandating detention, the latter permitting interim release on bond when it's determined that the alien isn't a danger to others or a flight risk and the like. *Id*. Petitioner argues that DHS's classification of him and the IJ's ruling based on that misclassification was wrong. *Id*.

Therefore, on November 16, 2025, he petitioned this Court to be reclassified as an alien eligible for a bond hearing under § 1226(a). *Id*. Finding this claim to be dispositive, the Court declines to rule on Petitioner's other claims.

## II.    DISCUSSION

### A.    Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioner sought to challenge the Government's decision to execute any removal order, it'd bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests the Government's purported legal authority to subject him to mandatory detention under § 1225(b)(2), so the Court has jurisdiction to weigh in. *See Ibarra-Perez v. United States*, 154 F.4th 989, 998 (9th Cir. 2025) (noting that courts often have "jurisdiction" to hear a claim "premised on a lack of legal authority"); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *2 (S.D. Cal. Nov. 4, 2025) (finding that § 1252(g) doesn't strip us

of jurisdiction to hear a petitioner's claim premised on "a lack of legal authority to subject [him] to mandatory detention under 8 U.S.C. § 1225(b)(2) during [removal] proceedings").

Nor does 8 U.S.C. § 1252(b)(9) strip this Court of jurisdiction. This statute "bars review of claims arising from actions or proceedings brought to remove an alien," that is "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks, alterations, and ellipses omitted). It does not bar claims that are merely "collateral" to the removal process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Like here, such collaterality includes claims predicated on "a lack of legal authority to subject [petitioners] to mandatory detention under § 1225[b][2] instead of detention with a bond hearing under § 1226(a)." *Beltran*, 2025 WL 3078837, at *3.

### B. Exhaustion

Next, the Government argues that Petitioner has failed to exhaust his administrative remedies by not appealing his underlying bond denial to the Board of Immigration Appeals, meaning this Court can either stay or dismiss the action without prejudice. ECF No. 7 ("Opp.") at 9–10 n.1. Point taken. As "a prudential matter," one should generally "exhaust available judicial remedies before seeking relief under § 2241." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (ellipsis omitted). But since "exhaustion is a *prudential* requirement, a court has discretion to waive" it under limited circumstances. *Id.* (emphasis added). Say, when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, the Court finds that Petitioner appealing his bond denial to the BIA would be futile and thus waives his prudential requirement to do so. This is due to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). There, on September 5, 2025, the BIA found that aliens "who are present in the United States without admission" are by definition "applicants for admission" subject to "mandatory detention" under § 1225(b)(2). *Id.* at 225.

That holding is precisely what Petitioner seeks to challenge before this Court, which he may do under the futility exception to prudence. *See Beltran*, 2025 WL 3078837, at *3–4 (exercising "discretion to waive a prudential exhaustion requirement" when, as here, appealing to the BIA to challenge one's detention under § 1225(b)(2) instead of § 1226(a) would be "futile").

### C.   Merits, § 1225(b)(2) versus § 1226(a)

Now, let's unpack the two statutes governing how aliens are detained during removal proceedings. The first, § 1225(b)(2), is for arriving aliens and states that "if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The second, § 1226(a), is for apprehended aliens and states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed," during which the alien may request a "bond" hearing. *Id*. § 1226(a)(2); 8 C.F.R. § 1236.1(d)(1). The Government's recent stance is that § 1225(b)(2) applies to all aliens living in our country who unlawfully entered, regardless of how long they have lived here or whether they took any affirmative step to seek admission. By contrast, Petitioner argues that such a sweeping interpretation ignores the plain meaning of the phrase 'seeking admission.'

"We begin, as always, with the text." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 391 (2017). "Seeking" means "asking for" or "trying to acquire or gain." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/seeking. As a present participle, "seeking" also "necessarily implies some sort of present-tense action." *Lepe v. Andrews*, No. 25-cv-1163-KES-SKO, 2025 WL 2716910, at *5 (E.D. Cal. Sept. 23, 2025). The term "admission" is "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). And "entry" is "a crossing into the territorial limits of the United States." *Hing Sum v. Holder*, 602 F.3d 1092, 1100–01 (9th Cir. 2010). "[S]eeking admission," then, "means that one must be actively seeking lawful entry." *Lepe*, 2025 WL 2716910, at *5 (quotation marks omitted).

Here, given that Petitioner had already entered the United States seven years ago and hadn't applied for legal status since, he wasn't actively seeking lawful entry when DHS detained him this year. As another district court aptly analogized:

> [S]omeone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as 'seeking admission' to the theater. Rather, that person would be described as already present there. Even if that person, after being detected, offered to pay for a ticket, one would not ordinarily describe them as 'seeking admission' (or 'seeking' 'lawful entry') at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there. As § 1225(b)(2)(A) applies only to those noncitizens who are actively 'seeking admission' to the United States, it cannot, according to its ordinary meaning, apply to [the petitioner], because he has already been residing in the United States for more than two years.

*Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025).

So, the Court finds that Petitioner's proper designation is that of an alien under § 1226(a), not § 1225(b)(2), meaning he isn't subject to § 1225(b)(2)'s mandatory detention but rather has a chance to be released on bond during his removal proceeding per § 1226(a). By this point, this is nothing novel. "Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice." *Rodriguez v. Bostock*, No. 25-cv-5240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025). In fact, "at least thirty federal district courts around the country" have found that one who had already entered and resided in the states is subject to "§ 1226(a)'s discretionary framework, not § 1225(b)[2]'s mandatory detention procedures." *Quispe v. Crawford*, No. 25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025). This includes our district. *See Beltran*, 2025 WL 3078837, at *7 (classifying aliens "residing in the country prior to being charged" by "the discretionary detention provision of § 1226(a)," not § 1225(b)(2)); *Lucas v. LaRose*, No. 25-cv-2973-GPC-JLB, 2025 WL 3485163, at *8 (S.D. Cal. Dec. 4, 2025) (same); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)

(acknowledging that § 1225(b)(2) applies to "aliens seeking admission into the country" while § 1226(a) applies to "aliens already in the country").

Finally, if the Government's expansive reading of § 1225(b)(2) were correct, then "seeking admission" would be superfluous, such that it "could be deleted while retaining the same statutory meaning." *Lucas*, 2025 WL 3485163, at *7; 8 U.S.C. § 1225(b)(2)(A) ("[I]f the examining immigration officer determines that an alien ~~seeking admission~~ is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." (strikethrough added)). But that runs counter to the interpretive canon that we "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous." *Rodriguez v. Sony Comput. Entm't Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015). The words 'seeking admission' thus have meaning—an active, particular meaning—and Petitioner's actions simply don't fit into that particularly meaningful box.

## III.   CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENIES AS MOOT** all other motions. By **December 24, 2025**, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), during which they shall not deny him bond based on 8 U.S.C. § 1225(b)(2)'s mandatory-detention requirement; it does not apply here. Petitioner's requests for attorney fees and costs is denied without prejudice. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  December 17, 2025

_____
Honorable Linda Lopez
United States District Judge

6

25cv3171-LL-JLB